UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:21-CV-07503-SB-PD | Date: | 10/21/2021 |
|---|---|---|---|

Title: *Eric Haley v. Eric Garcetti et al.*

Present: The Honorable **STANLEY BLUMENFELD, JR., U.S. District Judge**

| Victor Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):  Attorney(s) Present for Defendant(s):

None Appearing  None Appearing

**Proceedings:**  **[In Chambers] ORDER DENYING APPLICATION TO FILE COMPLAINT UNDER SEAL**

Before the Court is an Application to File Complaint Under Seal filed by Plaintiff Eric M. Haley, Chapter 7 Trustee for the Bankruptcy Estate of *In Re: Ardent Cyber Solutions, LLC* (Ardent), case number 2:20-bk-06722-PS. Application, Dkt. No. 3.  The Court will seal the complaint if Plaintiff has demonstrated "compelling reasons" why it should be sealed.[1]  C.D. L.R. 79-

---

[1] The Ninth Circuit has not explicitly stated whether the "compelling reasons" or less stringent "good cause" standard applies to the sealing of a complaint. However, several decisions in the Northern District of California have applied the compelling reasons standard in such instances because "a complaint is the foundation of a lawsuit." *Heath v. Google Inc.*, Case No. 15-CV-01824-BLF, 2017 WL 3530593, at *2 (N.D. Cal. Aug. 14, 2017); *see also In re Google Inc. Gmail Litig.*, Case No. 13-02430, 2013 WL 5366963, at *2 (N.D. Cal. Sept. 25, 2013) (same); *In re NVIDIA Corp. Derivative Litig.*, No. C 06–06110 SBA, 2008 WL 1859067, at *3 (N.D. Cal. Apr. 23, 2008) ("While a complaint is not, per se, the actual pleading by which a suit may be disposed of, it is the root, the

5.2.2(b)(i); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).  The request for leave must be "narrowly tailored" to seal only the sealable material.  C.D. Cal. L.R. 79-5.2.2(b)(ii).

      Plaintiff's Application offers only one argument for sealing the complaint.  Plaintiff asserts that the complaint contains information relating to Ardent's performance of its duties under two contracts it signed with the City of Los Angeles by and through the Los Angeles Department of Water and Power (LADWP).  Application at 3.  Plaintiff asserts that both of these contracts have a clause that states that "all documents, records and information provided by the LADWP to [Ardent] . . . during the performance of this Agreement are deemed confidential."  *Id.*; *see also* Declaration of Gregory W. Smith ISO Plaintiff's Application to File Complaint Under Seal (Smith Decl.), Ex. A at 8.1, Dkt. No. 4.  The unredacted complaint apparently "contains information relating to Ardent's performance of its duties" under both contracts.  Application at 3.  Plaintiff filed this Application after "Defendants informed Plaintiff that Defendants believe that the type of information contained in Plaintiff's complaint is sensitive and confidential."  *Id.*; Smith Decl. at ¶ 6.  Plaintiff notes that he "disagrees" with Defendants on this issue but that he filed the Application "[o]ut of an abundance of caution."  Application at 4.

      Plaintiff has not articulated compelling reasons to overcome the "strong presumption of favor of access" to public records and documents.  *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  Plaintiff has hardly articulated *any* reason for sealing beyond the confidentiality provision in the two contracts.  But "that some parties have designated certain documents as confidential . . . is not a sufficient showing of compelling reasons for sealing such documents."  *Prime Healthcare Centinela, LLC v. Kimberly-Clark Corp.*, Case No. CV 14-8390 DMG (PLAx), 2016 WL 7177531, at *2 (C.D. Cal. Mar. 24, 2016).  Nor has Plaintiff shown that "specific prejudice or harm will result if no [protection] is granted."  *Phillips v. Gen. Motors. Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002); *see also Kamakana*, 447 F.3d at 1179 (documents will be sealed only if they could "become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets.") (citation omitted).

---

foundation, the basis by which a suit arises and must be disposed of.").  Thus, the Court will apply the "compelling reasons" standard here.

Further, the Application is overbroad and not "narrowly tailored." While "[c]ourts regularly find that litigants may file under seal contracts with third parties that contain proprietary and confidential business information," *Finisar Corp. v. Nistica, Inc.*, No. 13–cv–03345–BLF (JSC), 2015 WL 3988132, at *5 (N.D. Cal. June 30, 2015), Plaintiff's Application seeks to seal not just the underlying contracts but an entire complaint that relies, in part, on those contracts. The Court will not allow an entire document to be filed under seal when the portions of any sensitive information "can be redacted with minimal effort" while still "leaving other meaningful information." *Foltz*, F.3d at 1137.

The Court therefore **DENIES** Plaintiff's Application.

**IT IS SO ORDERED.**